# EXHIBIT F

Case 1:08-cv-00126-SLR   Document 18   Filed 05/13/2008   Page 1 of 17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-350 (KAJ) |
| ) | |
| ABBOTT LABORATORIES and ) | |
| LABORATOIRES FOURNIER, S.A., ) | |
| ) | |
| Defendants. ) | |

## JOINT ANSWER AND COUNTERCLAIMS

Defendants Abbott Laboratories ("Abbott") and Laboratories Fournier, S.A. ("Fournier") (collectively, "Defendants"), by and through its attorneys, answer Reliant Pharmaceuticals, Inc.'s ("Reliant") complaint and counterclaim as follows:

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and accordingly deny the same.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants admit that Laboratories Fournier S.A. is a French corporation having its principal place of business at 42 rue de Longvic, 21300 Chenove, France. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is necessary.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is necessary, except that Defendants admit that they have commenced two lawsuits in Delaware, *Abbott Laboratories, et al., v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 02-1512

(MPT), and *Abbott Laboratories, et al. v. Impax Laboratories*, C.A. No. 03-120 (KAJ). For purposes of clarification, the former action alleges infringement of U.S. Patent Nos. 6,074,670 (the "'670 patent"), 6,277,405 (the "'405 patent"), 6,589,522 (the "'552 patent"), and 6,652,881 (the "'881 patent"), while the latter action alleges infringement of the '670 patent, the '405 patent, and the '552 patent only.

      6. Defendants admit the allegations of paragraph 6 of the Complaint.

      7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and accordingly deny those allegations.

      8. Paragraph 8 of the Complaint states a legal conclusion to which no response is necessary.

      9. Defendants admit that Reliant has filed an application under Section 505(b)(2) relying upon studies conducted by or for Abbott and for which Reliant has not obtained a right of reference from Abbott. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint and accordingly deny the remaining allegations.

      10. Defendants admit that 21 U.S.C. § 355(b)(1) states that new drug applications shall include "the patent number and the expiration date of any patent which claims the drug for which the applicant submitted the application or which claims a method of using such drug and with respect to which a claim of patent infringement could reasonably by asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." Defendants deny the remaining allegations in paragraph 10 of the Complaint.

      11. Defendants admit the allegations of paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is necessary.

13. Paragraph 13 of the Complaint states a legal conclusion to which no response is necessary.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is necessary.

15. Paragraph 15 of the Complaint states a legal conclusion to which no response is necessary.

16. Paragraph 16 of the Complaint states a legal conclusion to which no response is necessary.

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is necessary.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is necessary.

### Existence of Cause of Action Controversy

19. Defendants admit the allegations of paragraph 19 of the Complaint.

20. Defendants admit the allegations of paragraph 20 of the Complaint.

21. Defendants admit the allegations of paragraph 21 of the Complaint.

22. Defendants admit the allegations of paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states a legal conclusion to which no response is necessary.

24. Defendants admit the allegations of paragraph 24 of the Complaint.

25. Defendants admit that the "only patent listed in the Orange Book concerning NDA 19-304 is the '726 patent." The remaining allegations of paragraph 25 of the Complaint states a legal conclusion to which no response is necessary.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and accordingly deny the same.

27. Defendants admit that "Reliant filed a Paragraph IV certification with respect to the '726 patent in its Section 505(b)(2) application" and that "Reliant provided the requisite notice of its filing and Paragraph IV certification to Abbott and Fournier." Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and accordingly deny the remaining allegations.

28. Defendants admit the allegations of paragraph 28 of the Complaint.

29. Defendants admit the allegations of paragraph 29 of the Complaint and state that the document speaks for itself.

30. Defendants admit the allegations of paragraph 30 of the Complaint and state that the document speaks for itself.

31. Defendants admit the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants admit the allegations of the first sentence of paragraph 33 of the Complaint. Defendants admit the second sentence of paragraph 33 of the Complaint., except that Abbott states that the "Cipher Litigation" involves only the '552, '405, and '881 patents.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint regarding when Cipher announced that Plaintiff would be the United States distributor of the proposed Cipher

fenofibrate product and accordingly deny the same. Defendants admit that they served a subpoena dated March 3, 2004 on Reliant and states that the document speaks for itself insofar as the allegations of paragraph 34 refer to its contents. Defendants deny the remaining allegations contained in paragraph 34 of the Complaint.

35.  Defendants admit the allegations of paragraph 35 of the Complaint insofar as they accord with the clarification in paragraph 5 of this Answer. Defendants further clarify that the patents-in-suit in the Ranbaxy Pharmaceuticals, Cipher Pharmaceuticals and Impax Pharmaceuticals actions do not include the '670 patent.

36.  Defendants admit the allegations of paragraph 36 of the Complaint.

37.  Paragraph 37 of the Complaint states a legal conclusion to which no response is necessary.

38.  Paragraph 38 of the Complaint states a legal conclusion to which no response is necessary.

### The Patents-in-Suit

### The '670 Patent

39.  Defendants admit the allegations of paragraph 39 of the Complaint.

40.  Defendants admit the allegations of paragraph 40 of the Complaint and state that the document speaks for itself.

41.  Defendants admit the allegations of paragraph 41 of the Complaint and state that the document speaks for itself.

42.  Defendants deny the allegations of paragraph 42 of the Complaint.

### The '405 Patent

43.  Defendants admit the allegations of paragraph 43 of the Complaint.

44.     Defendants admit the allegations of paragraph 44 of the Complaint and state that the document speaks for itself.

45.     Defendants deny the allegations of paragraph 45 of the Complaint.

### The '552 Patent

46.     Defendants admit the allegations of paragraph 46 of the Complaint.

47.     Defendants admit the allegations of paragraph 47 of the Complaint and state that the document speaks for itself.

48.     Defendants admit the allegations of paragraph 48 of the Complaint and state that the document speaks for itself.

49.     Defendants admit the allegations of paragraph 49 of the Complaint and state that the document speaks for itself.

50.     Defendants deny the allegations of paragraph 50 of the Complaint.

### The '881 Patent

51.     Defendants admit the allegations of paragraph 51 of the Complaint.

52.     Defendants admit the allegations of paragraph 52 of the Complaint and state that the document speaks for itself.

53.     Defendants admit the allegations of paragraph 53 of the Complaint and state that the document speaks for itself.

54.     Defendants admit the allegations of paragraph 54 of the Complaint and state that the document speaks for itself.

55.     Defendants admit the allegations of paragraph 55 of the Complaint and state that the document speaks for itself.

56. Defendants admit the allegations of paragraph 56 of the Complaint and state that the document speaks for itself.

57. Defendants admit the allegations of paragraph 57 of the Complaint and state that the document speaks for itself.

58. Defendants admit the allegations of paragraph 58 of the Complaint and state that the document speaks for itself.

59. Defendants admit the allegations of paragraph 59 of the Complaint and state that the document speaks for itself.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

## FIRST CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement and Invalidity ('670 Patent)

61. Defendants repeat and reallege their responses to the allegations of paragraphs 1-60 above.

62. Paragraph 62 of the Complaint states a legal conclusion to which no response is necessary.

63. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint and accordingly deny the same.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

## SECOND CAUSE OF ACTION

### Declaratory Judgment of Non-infringement and Invalidity ('405 Patent)

65. Defendants repeat and reallege their responses to the allegations of paragraphs 1-64 above.

66. Paragraph 66 of the Complaint states a legal conclusion to which no response is necessary.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

### THIRD CAUSE OF ACTION

### Declaratory Judgment of Non-infringement and Invalidity ('552 Patent)

69. Defendants repeat and reallege their responses to the allegations of paragraphs 1-68 above.

70. Paragraph 70 of the Complaint states a legal conclusion to which no response is necessary.

71. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint and accordingly deny the same.

72. Defendants deny the allegations of paragraph 72 of the Complaint.

### FOURTH CAUSE OF ACTION

### Declaratory Judgment of Non-infringement and Invalidity ('881 Patent)

73. Defendants repeat and reallege their responses to the allegations of paragraphs 1-72 above.

74. Paragraph 74 of the Complaint states a legal conclusion to which no response is necessary.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

76. Defendants deny the allegations of paragraph 76 of the Complaint.

### FIFTH CAUSE OF ACTION

### Declaratory Judgment of Unenforceability (All Patents)

77. Defendants repeat and reallege their responses to the allegations of paragraphs 1-76 above.

78. Paragraph 78 of the Complaint states a legal conclusion to which no response is necessary.

79. Defendants deny the allegations of paragraph 79 of the Complaint.

80. Defendants deny the allegations of paragraph 80 of the Complaint.

81. Defendants admit that the '881 patent is a continuation of the '522 patent, which is a continuation of U.S. Patent No. 6,596,317, which is a continuation of the U.S. Patent Appl. S/N 09/899,026, which is a continuation of the '405 patent, which is a continuation of the '670 patent; and that the named inventors for the '881, '552, '405, and '670 patents are the same. Defendants deny the remaining allegations of paragraph 81 of the Complaint.

82. Defendants admit that the '881 patent is a continuation of the '522 patent, which is a continuation of U.S. Patent No. 6,596,317, which is a continuation of the U.S. Patent Appl. S/N 09/899,026, which is a continuation of the '405 patent, which is a continuation of the '670 patent; and that the named inventors for the '881, '552, '405, and '670 patents are the same. Defendants deny the remaining allegations of paragraph 82 of the Complaint.

## COUNTERCLAIMS

As and for its counterclaims against Counterclaim-Defendant Reliant Pharmaceuticals, Inc. ("Reliant"), Counterclaim-Plaintiff Abbott Laboratories ("Abbott") alleges as follows:

### THE PARTIES

83. Upon information and belief, Reliant Pharmaceuticals, Inc. ("Reliant") is a Delaware Corporation having a principal place of business at 110 Allen Road, Liberty Corner, New Jersey 07938.

84. Abbott Laboratories ("Abbott") is an Illinois Corporation having its principal place of business at 100 Abbott Park Road, Abbott Park, Illinois 60064.

85. Laboratoires Fournier S.A. ("Fournier") is a French corporation having its principal place of business at 42 rue de Longvic, 21300 Chenôve, France.

## JURISDICTION AND VENUE

86. This counterclaim arises under the Declaratory Judgment Act, Title 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, Title 35 U.S.C. §§ 100 et seq. This court has jurisdiction under Title 28 U.S.C. §§ 1338(a) and 2201. This is a case of actual controversy seeking a declaratory judgment of infringement of U.S. Patent Nos. 6,277,405 and 6,652,881.

87. Venue is proper in this District under Title 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

88. Fournier is the owner by assignment of U.S. Patent No. 6,277,405 entitled "Fenofibrate Pharmaceutical Composition Having High Bioavailability and Method for Preparing It" (the "'405 patent") and U.S. Patent No. 6,652,881 entitled "Fenofibrate Pharmaceutical Composition Having High Bioavailability" (the "'881 patent").

89. Abbott is the exclusive licensee of the '405 and '881 patents.

90. The '405 patent and the '881 patent, which issued on August 21, 2001 and November 25, 2003, respectively, both claim a novel fenofibrate composition. The '405 patent and the '881 patent expire on January 9, 2018.

91. Fenofibrate is useful as a lipid and cholesterol lowering agent for treatment of adults with increased triglyceride levels.

92. To obtain approval from the United States Food and Drug Administration ("FDA") to make and sell fenofibrate tablets, Abbott filed NDA No. 21-203. Abbott obtained FDA approval to market fenofibrate tablets under the name TRICOR® on September 4, 2001.

93. TRICOR® (fenofibrate) is included in the FDA's list of "Approved Drug Products With Therapeutic Equivalence Evaluations" also known as the "Orange Book." Approved drugs may be used as the basis of a later applicant's NDA application under 21 U.S.C. § 355(b) (so called "Paper NDA") to obtain approval of the Paper NDA applicant's drug product.

94. The FDA's "Orange Book" also lists patents associated with approved drugs. The '401 and '881 patents are among the patents listed in the "Orange Book" in association with TRICOR® (fenofibrate) tablets.

95. On February 18, 2004, Abbott and Fournier received Paragraph IV certification letters from Reliant stating that Reliant had filed a Paper NDA No. 21-695, requesting FDA approval to manufacture and sell in the United States a generic version of Abbott's TRICOR® tablets in the form of a new fenofibrate capsule product preliminarily named "RP 1824."

96. In Reliant's Paragraph IV certification letter, Reliant stated that it intends to market RP 1824 before January 10, 2009, a date prior the expiration of the '401 and '881 patents.

97. On June 1, 2004, Reliant commenced this declaratory judgment action in the U.S. District Court for the District of Delaware, No. 04-350-KAJ.

98. Upon information and belief, the FDA approved Reliant's Paper NDA application on November 30, 2004.

99. Upon information and belief, Reliant is currently making and selling RP 1824 in Europe and is preparing to commence sales of RP 1824 in the United States.

100. Reliant has provided some documents regarding RP 1824 under a protective order, but has continually refused to provide samples of RP 1824 despite repeated requests by Abbott and Fournier.

101. Upon information and belief based on the documents received, RP 1824 infringes the '405 patent and the '881 patent, either literally or under the doctrine of equivalents.

## AS AND FOR A FIRST COUNTERCLAIM

### Declaratory Judgment Of Infringement of the '405 Patent

102. Counterclaim-Plaintiffs Abbott and Fournier (collectively, "Counterclaim-Plaintiffs") repeats and realleges each and every allegation of paragraphs 83 through 101 above as though fully set forth herein.

103. Upon information and belief, Reliant has taken substantial steps in preparation to market RP 1824 in the United States, including, but not limited to, communicating to Counterclaim-Plaintiffs that it intends to market RP 1824 before the expiration of the '405 patent pursuant to FDA approval.

104. By commencing its declaratory judgment action, Reliant has indicated that it will continue its preparations to market RP 1824 in the United States.

105. Those activities have placed Counterclaim-Plaintiffs under a reasonable apprehension that Reliant will infringe the '405 patent. There now exists an actual and justiciable controversy between Abbott and Reliant concerning the infringement of the '405 patent.

106. Upon information and belief, Reliant's proposed product infringes, either literally or under the doctrine of equivalents, at least one claim of the '405 patent.

107. Upon information and belief, Reliant's infringement is willful and deliberate.

108. Counterclaim-Plaintiffs have no adequate remedy at law to redress Reliant's infringement.

## AS AND FOR A SECOND COUNTERCLAIM

### Declaratory Judgment Of Infringement of the '881 Patent

109. Counterclaim-Plaintiffs repeat and reallege each and every allegation of paragraphs 83 through 101 above as though fully set forth herein.

110. Upon information and belief, Reliant has taken substantial steps in preparation to market RP 1824 in the United States, including, but not limited to, communicating to Counterclaim-Plaintiffs that it intends to market RP 1824 before the expiration of the '881 patent pursuant to FDA approval.

111. By commencing its declaratory judgment action, Reliant has indicated that it will continue its preparations to market RP 1824 in the United States.

112. Those activities have placed Counterclaim-Plaintiffs under a reasonable apprehension that Reliant will infringe the '881 patent. There now exists an actual and justiciable controversy between Counterclaim-Plaintiffs and Reliant concerning the infringement of the '881 patent.

113. Upon information and belief, Reliant's proposed product infringes, either literally or under the doctrine of equivalents, at least one claim of the '881 patent.

114. Upon information and belief, Reliant's infringement is willful and deliberate.

115. Counterclaim-Plaintiffs have no adequate remedy at law to redress Reliant's infringement.

## **PRAYER**

WHEREFORE, Counterclaim-Plaintiffs pray for relief and judgment as follows:

(a) a declaratory judgment that the '405 and '881 patents remain valid and enforceable, and will be infringed by the commercial manufacture, use, sale or offer for sale, or importing of RP 1824 in the United States.

(b) an injunction prohibiting Reliant from commercially manufacturing, selling or offering for sale, using, or importing RP 1824 in the United States;

(c) a declaratory judgment that Reliant willfully infringed the '405 and '881 patents;

(d) an award of Counterclaim-Plaintiff's interest, costs, reasonable attorneys' fees and such other relief as the Court deems just and proper pursuant to 35 U.S.C. § 271(e)(4) and 35 U.S.C. § 285; and

(e) such other and further relief as this Court may deem just and proper.

| MORRIS, NICHOLS, ARSHT & TUNNELL | RICHARDS, LAYTON & FINGER |
|---|---|
| */s/ Mary B. Graham* | */s/ Frederick L. Cottrell, III* |
| Mary B. Graham (#2256) | Frederick L. Cottrell, III (#2555) |
| Sean T. O'Kelly (#4349) | Anne Shea Gaza (#4093) |
| 1201 N. Market Street | One Rodney Square |
| P.O. Box 1347 | Wilmington, DE 19899 |
| Wilmington, DE 19801 | (302) 651-7700 |
| (302) 658-9200 | |
| *Attorneys for Defendant Abbott Laboratories* | *Attorneys for Defendant Laboratoires Fournier, S.A.* |

*Of Counsel for Abbott*:

PATTERSON, BELKNAP, WEBB TYLER LLP
William F. Cavanaugh, Jr.
Eugene M. Gelernter
Chad J. Peterman
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000

JONES DAY
James A. White
77 West Wacker
Chicago, IL 60601-1692
(312) 782-3939

Dated: January 7, 2005

445229

*Of Counsel for Fournier:*

ARNOLD & PORTER
Charles D. Ossola
Donald O. Beers
555 Twelfth Street, N.W.
Washington, DC 20004-1202
(202) 942-5000

REED SMITH LLP
Mark Shanks
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, DC 20005
(202) 414-9200

## CERTIFICATE OF SERVICE

I, Mary B. Graham, hereby certify that copies of the foregoing were caused to be served on January 7, 2005 upon the following in the manner indicated:

### BY HAND

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

### BY FACSIMILE

Andrew M. Berdon
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
335 Madison Avenue, 17th Floor
New York, NY 10017

Mary B. Graham

442721